IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JARDINE,<br><br>   Plaintiff,<br><br>       v.<br><br>MARYLAND CASUALTY COMPANY, and DOES 1 through 50,<br><br>   Defendants. | Case No. 10-3335 SC, consolidated for all purposes with:<br>Case No. 10-3319 SC,<br>Case No. 10-3335 SC, and<br>Case No. 10-3336 SC<br><br>ORDER DENYING MOTION FOR <u>COST BOND</u> |
| JAMES JARDINE,<br><br>   Plaintiff,<br><br>       v.<br><br>EMPLOYERS FIRE INSURANCE COMPANY, and DOES 1 through 50,<br><br>   Defendants. | |

## I. INTRODUCTION

Defendant Employers Fire Insurance Company ("Employers") now moves for a cost bond against Plaintiff James Jardine ("Jardine") under Federal Rule of Appellate Procedure ("FRAP") 7 and Civil Local Rule ("Civ. L.R.") 65.1-1(a). ECF No. 82 ("Bond Mot."). The

Motion is fully briefed. ECF Nos. 83 ("Opp'n"), 86 ("Reply"). The Court finds the matter appropriate for decision without oral argument.

## II. DISCUSSION

The Court concludes that Employers' motion for a cost bond lacks merit. The Court previously denied Employers' Motion for Attorney Fees without prejudice on the ground that Jardine's pending appeal in this matter "may substantially affect Employers' eligibility to recover attorney's fees." ECF No. 81 ("Atty. Fees Order") at 2. Now Employers is again asking the Court to rule on issues that it expressly declined to decide until after the resolution of Jardine's appeal. For example, central to both the instant motion and Employers' previous Motion for Attorney Fees is the issue of whether Employers is entitled to recover attorney fees under Section 13 of the Settlement Agreement entered into by the parties. The Court stands by its previous order and declines to decide the issue of attorney fees until the Ninth Circuit reaches a decision on Jardine's appeal.

The Court also notes that the authority relied upon by Employers gives the Court discretion to grant or deny a request for bond. See FRAP 7 ("the district court may require an appellant to file a bond" (emphasis added)); Civ. L.R. 65.1-1(a) ("the Court may require any party to furnish security for costs" (emphasis added)). In its discretion, the Court finds that a bond would be inappropriate under the circumstances. Employers is effectively asking that the Court require Jardine to post a $119,419.11 bond before he can fully prosecute his appeal. See Bond Mot. at 7.

This would be a burdensome requirement for many appellants to meet. The Court finds it would be especially burdensome for an appellant, such as Jardine, who claims that an insurer failed to pay out all that was due under its policy.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Employers' Motion for a Cost Bond.

IT IS SO ORDERED.

Dated: May 30, 2012

_____
UNITED STATES DISTRICT JUDGE