```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE NORTHERN DISTRICT OF CALIFORNIA


JAMES JARDINE,                     ) Case No. 10-3335 SC,
                                   )
    Plaintiff,                     ) consolidated for all
                                   ) purposes with:
         v.                        ) Case Nos. 10-3319 SC,
                                   ) 10-3335 SC, and 10-3336 SC
MARYLAND CASUALTY COMPANY, and     )
DOES 1 through 50,                 )
                                   ) ORDER GRANTING IN PART AND
    Defendants.                    ) DENYING IN PART MOTION FOR
                                   ) ATTONEYS' FEES AND COSTS
_____)
                                   )
JAMES JARDINE,                     )
                                   )
    Plaintiff,                     )
                                   )
         v.                        )
                                   )
EMPLOYERS FIRE INSURANCE           )
COMPANY, and DOES 1 through 50,    )
                                   )
    Defendants.                    )
_____)
```

## I. INTRODUCTION

Plaintiff James Jardine ("Jardine") filed this action against his insurer, Defendant Employers Fire Insurance Company ("Employers"), in connection with a claim for fire damage to his property. The Court entered summary judgment in favor of Employers

on December 27, 2011, and the Ninth Circuit later affirmed. ECF No. 68 ("Dec. 27 Order"), ECF No. 89. Now before the Court is Employers' renewed motion for attorney fees. ECF No. 93 ("Mot."). The Motion is fully briefed, ECF Nos. 95 ("Opp'n"), 96 ("Reply"), and appropriate for determination without oral argument pursuant to Civil Local Rule 7-1(b).[1] For the reasons set forth below, Employers' motion is GRANTED in part and DENIED in part.

## II. BACKGROUND

On June 13, 2007, a fire broke out on a commercial property (the "Property") that Jardine was leasing to Raquel Pardo ("Pardo"). Pardo had obtained an insurance policy from Employers, which named both Pardo and Jardine as insureds. Jardine tendered his claim for fire damage to Employers on December 20, 2007. On April 2, 2008, Employers and Jardine finalized a settlement agreement, under which Employers agreed to pay Jardine $39,781.25 in exchange for a release of "any and all claims, demands, and causes of action" against Employers with regard to the June 13, 2007 fire. ECF No. 93-2 ("Silberstein Decl.") Ex. 1 ("Settlement Agreement"). Section 13 of the Settlement Agreement provides that, in the event a party brings suit in breach of the agreement, the prevailing party may recover attorney's fees:

> This settlement and release may and shall be pled as a full and complete defense to, and may be used as a basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted or maintained in breach of the specific agreement set forth herein. The parties to this dispute agree that

---

[1] Without leave of the Court, Jardine filed his response after the deadlines set forth in the Civil Local Rules. The Court considers Jardine's arguments in spite of his late filing.

2

>     the prevailing party in any such action, suit or other
>     proceeding shall be entitled to its reasonable
>     attorney's fees and costs.

In spite of the Settlement Agreement, Jardine brought the instant action against Employers in connection with his fire loss claim in June 2007 (hereinafter, the "the Fire Action"). Jardine alleged that Employers committed fraud, breached the implied covenant of good faith and fair dealing, and violated the Fair Claims Settlement Practices Act when it settled Jardine's fire claim. Jardine also brought an action against Employers in connection with damage to a wall on the Property (hereinafter, the "Wall Action").

In its answer to the Fire Action, Employers pled the Settlement Agreement as a complete defense to the action. Employers later moved for summary judgment on the ground that Jardine waived his claims when he signed the Settlement Agreement. Jardine responded that the Settlement Agreement was unenforceable due to Employers' alleged fraud, as well as its alleged breach of the special duties that California imposes on insurance companies attempting to settle claims. The Court denied the motion on April 27, 2011, finding that Employers' motion raised issues of credibility. ECF No. 42 ("April 2011 Order").

In a related action involving the tender of Jardine's fire claim to another insurer, Maryland Casualty Company ("Maryland"), Maryland moved for summary judgment. Maryland argued that Jardine had been fully compensated for the fire damage to his property by the Settlement Agreement with Employers. The Court agreed and granted the motion. Employers then filed a second motion for

3

summary judgment, invoking the same arguments raised by Maryland. On December 27, 2011, the Court granted Employers' second motion and entered judgment against Jardine. ECF No. 68 ("Dec. 2011 Order").

Jardine appealed the December 2011 Order, and Maryland moved for attorney's fees. The Court denied Maryland's motion without prejudice, finding that the outcome of Jardine's appeal could substantially affect Employers' eligibility to recover attorneys' fees. The Ninth Circuit subsequently affirmed the December 2011 Order, and Employers renewed its motion for attorneys' fees. The instant motion seeks attorneys' fees incurred in connection with the Fire Action and Jardine's appeal of the Court's decision in that action. Employers represents that its attorneys worked on both the Fire Action and the Wall Action, and that it has reasonably allocated fees between the two actions.

**III. DISCUSSION**

    **A.    Employers' Entitlement to Attorneys' Fees and Costs**

Employers argues that it is entitled to recover its attorneys' fees and costs under Section 13 of the Settlement Agreement, which provides that the Settlement Agreement may be pled as a complete affirmative defense to any action instituted in breach of the agreement and that "the prevailing party in any such action shall . . . be entitled to its reasonable attorney's fees and costs." Mot. at 5. Jardine responds that Section 13 does not apply here because the Court never found that the Settlement Agreement barred the Fire Action. Opp'n at 6-7. Jardine reasons that the Employers raised the Settlement Agreement as an affirmative defense in its first

4

motion for summary judgment, but the Court denied that motion in its March 2011 Order. Id. at 6. Jardine further argues that Employers never raised that defense again and, in its December 2011 granting summary judgment, the Court merely found that Jardine had suffered no uncompensated damages resulting from the fire on the Property. Id.

The Court agrees with Employers. In relevant part, the Settlement Agreement provides that: (1) Jardine released "any and all claims" against Employers in connection with the fire on the Property; (2) the Settlement Agreement may be pled as a complete defense to any action brought in breach of the agreement; and (3) the prevailing party in such an action is entitled to recover attorneys' fees. Here, Jardine brought the Fire Action against Employers in breach of the Settlement Agreement; Employers pled the Settlement Agreement as an affirmative defense; and Employers prevailed in the Fire Action. That the Court denied Employers' first motion for summary judgment is not relevant for the purposes of awarding attorneys' fees. What is pertinent is that Employers pled the Settlement Agreement as an affirmative defense and it ultimately prevailed.

Moreover, taken together, the April 2011 Order and December 2011 Order hold that Jardine's Fire Action claims are barred by the Settlement Agreement. In connection with the former order, Employers argued that Jardine waived all related claims against it when he signed the Settlement Agreement. April 2011 Order at 7. Jardine responded that the Settlement Agreement was unenforceable due to Employers' alleged fraud, and because Employers breached its statutory duties by failing to adequately investigate Jardine's

claim and attempting to settle it for less than a reasonable amount. Id. at 8-9. The Court declined to enter summary judgment in the April 2011 Order because Employers' reply mainly consisted of attacks on Jardine's credibility. Id. at 9. The Court reached a different conclusion in its December 2011 Order because Employers presented undisputed evidence that the Settlement Agreement more than fully compensated Jardine for the fire damage to the Property. Dec. 2011 Order at 18-19. Thus, the December 2011 Order implicitly rejected the arguments Jardine made in connection with the April 2011 Order.

The authority cited by Jardine does not require a contrary result. Casella v. SouthWest Dealer Services, Inc., 157 Cal. App. 4th 1127, 1162 (Cal. Ct. App. 2007), held that a plaintiff could not recover attorneys' fees incurred in the prosecution of a tort claim, since the relevant fees provision only provided for recovery of fees in actions brought to enforce the parties' agreement. But the fee-shifting provision at issue here is broader. The Casella provision allowed for recovery of costs "incurred in enforcing" the relevant agreement. Id. at 1160. The provision here applies to any action in which the Settlement Agreement may be used as a defense.

Accordingly, the Court finds that Employers is entitled to reasonable attorneys' fees and costs incurred in connection with the Fire Action.

### B. Amount of Costs and Fees

Now that the Court has concluded that Employers is entitled to recover reasonable attorneys' fees and costs, it must determine how much Employers can actually recover. Employers requests

6

1  $114,395.25 in attorneys' fees incurred in the Fire Action and the
2  appeal of the Fire Action, as well as $16,739.12 in supplemental
3  costs, including expert fees.  Jardine raises several objections to
4  Employers' request.  Employers has not contested some of these
5  objections, and it has agreed to reduce its fee request by $808.75.
6  See Reply at 6.  The Court addresses the remainder of Jardine's
7  objections below.

8       First, Jardine objects to Employers' request for $14,943.75 in
9  fees paid to its expert witness.  This objection has merit.
10 California Code of Civil procedure section 1033.5 permits recovery
11 of expert witness costs only if the expert is ordered by the trial
12 court, or when expressly authorized by law.  Cal. Code Civ. Proc.
13 §§ 1033.5(a)(8), (b)(1).  Courts have allowed recovery of expert
14 fees where the relevant fee-shifting provision expressly provides
15 for them, but these courts have also held that nonspecific language
16 and general references to "reasonable attorney's fees and costs" is
17 not enough.  See Thrifty Payless, Inc. v. Mariners Mile Gateway,
18 LLC, 185 Cal. App. 4th 1050, 1065 (Cal. Ct. App. 2010).  Here, the
19 settlement agreement does not expressly reference expert fees.
20 Accordingly, the Court reduces Employers' requested costs by
21 $14,943.75.

22      Next, Jardine objects that Employers' improperly allocated
23 fees between the Fire Action and the Wall Action.  In many cases,
24 where a cost was applicable to both actions, Employers allocated 50
25 percent to the Fire Action.  Jardine argues that the Fire Action
26 should have received an allocation of less than 50 percent because
27 the Wall Action was "far more complicated."  Opp'n at 8.  On these
28 grounds Jardine reasons that the Employers' attorney fee claim

should be reduced by 25 percent. The Court disagrees. Jardine has not explained why the Wall Action was more complicated or why the Court should apply a 75-25 allocation. Moreover, Jardine actually benefits from the 50-50 allocation of undifferentiated costs, since much of the work performed by Employers' attorneys would have taken just as long to perform if Employers had only had to defend the Fire Action.

Jardine's other objections to costs associated with PACER research, Wolkin Curran, LLP, Silver Bullet Delivery Service, and US Legal Management Services are overruled. See Opp'n at 10-11. The Court finds that the amounts requested for these services are reasonably related to the defense of the Fire Action.

Accordingly, the Court reduces Employers' attorneys' fee demand by $808.75 to $113,586.50. The Court also reduces Employers' demand for supplemental costs by $14,943.75 to $1,795.37.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendant Employers Fire Insurance Company is entitled to an award of reasonable attorney fees and costs against Plaintiff James Jardine in connection with Employer's defense of Case Number 10-3335 SC and Jardine's subsequent appeal. The Court awards Employers $113,586.50 in attorney's fees and $1,795.37 in costs.

Dated: September 9, 2013

UNITED STATES DISTRICT JUDGE